UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDI NICOLE PATTERSON
o/b/o C.I.P.,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

Case No. 12-15230

SENIOR UNITED STATES DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE MARK A. RANDON

**ORDER DECLINING TO ADOPT REPORT AND RECOMMENDATION [15] AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [13] AND GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [12]**

On September 24, 2013, Magistrate Judge Randon issued a Report and Recommendation ("R&R") [15] recommending that Defendant's Motion for Summary Judgment [13] be granted and that Plaintiff's Motion for Summary Judgment [2] be denied. Plaintiff filed an Objection [16] on October 8, 2013.

For the reasons stated below, the Court declines to adopt the Report and Recommendation. Defendant's Motion for Summary Judgment is **DENIED**. Plaintiff's Motion for Summary Judgment is **GRANTED**.

## I. Factual Background

The R&R [15] contains a detailed explanation of the factual background of this case, and the Court adopts the factual background as set out in the R&R in full.

## II. Standard of Review

This Court reviews objections to an R&R on a dispositive motion *de novo*. *See* 28 U.S.C. § 636(b)(1)(C). Judicial review of an Administrative Law Judge's ("ALJ") decisions is limited to determining whether the factual findings are supported by substantial evidence and whether the ALJ employed the proper legal standards. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The ALJ's "factual findings are conclusive if supported by substantial evidence." *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 243 (6th Cir. 1987). "Substantial evidence is defined as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). In order to determine "whether the Secretary's factual findings are supported by substantial evidence, we must examine the evidence in the record taken as a whole and must take into account whatever in the record fairly detracts from its weight." *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992).

## III. Analysis

**I. Governing Law**

Benefits from the Supplemental Security Income Program of Title XVI are available to children who become disabled. 42 U.S.C. §§ 1381–1383f. The claimant bears the burden to prove entitlement to benefits. *Boyes v. Sec'y of HHS*, 46 F.3d 510, 512 (6th Cir. 1994). Amongst other requirements, SSI benefits are only available to those who have a "disability." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). "Disability means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . .

42 U.S.C. § 423(d)(1)(A). There is a three-step sequential process for determining whether a child is disabled. First, the child must not be engaged in substantial gainful activity. Second, the child must have a severe impairment. Third, the severe impairment must meet, medically equal, or functionally equal one of the impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. The only issue in this case is whether C.I.P.'s impairments are functionally equivalent to the impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1.

At the third step, when determining whether the child's impairments are functionally equivalent to the limitations in 20 C.F.R. Pt. 404, Subpt. P, App. 1, the

Court considers six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(i)–(vi). A finding of functional equivalence to a listed impairment is warranted when the child has an extreme limitation in one domain or a marked limitation in two domains. 20 C.F.R. § 416.926a(d).

## II. Application

### A. The ALJ's Findings

At the second step, the ALJ found that C.I.P. had the following severe impairments: high frequency hearing loss in the left ear; bronchial asthma; a severe impairment in articulation; a moderate impairment in receptive language; a moderate impairment in expressive language; below average concept development; and a concentration impairment.

At the third step, the ALJ found that C.I.P. did not have an impairment or combination of impairments that met or medically equalled one of the listed regulatory impairments. Next, the ALJ determined that C.I.P. had impairments in some of the six domains. Specifically, the ALJ determined that C.I.P. had a less than marked limitation in Acquiring and Using Information, a less than marked limitation in Attending and Completing Tasks, a marked limitation in Interacting and Relating with Others, a less than marked limitation in Caring for Yourself, and a less than

marked limitation in Health and Physical Well-Being. Because the ALJ did not find a severe limitation in any one domain or a marked limitation in two domains, he concluded that C.I.P. is not entitled to SSI benefits. The R&R agreed with the ALJ's findings and conclusion.

### B. Acquiring and Using Information

Plaintiff's objections to the R&R are two-fold. First, Plaintiff objects that the R&R failed to address the ALJ's statement that there was a "lack of evidence" relevant to C.I.P.'s abilities in the Acquiring and Using Information domain. Plaintiff argues that there is evidence in the record that goes to the the Acquiring and Using Information domain and that the ALJ was required to consider that evidence. While Plaintiff made this argument before the Magistrate Judge and it is discussed in the R&R, the Court will review it here *de novo*. 28 U.S.C. § 636(b)(1)(C).

Kathleen A. Eurich, M.A., CC-SLP, gave C.I.P. an overall prognosis of poor to fair and stated that his use of language was below age expectancy in her evaluation. Ms. Eurich diagnosed C.I.P. with severe impairment in articulation and moderate impairment in receptive and expressive language. Ms. Eurich's testing revealed that C.I.P. tested in the fifth percentile on the Preschool Language Scale for auditory comprehension, eighth percentile in expressive communication, and the fifth percentile in total language score. [6-7] at 236; PgID 268.

Chloe Roper was C.I.P.'s long-term substitute teacher. Ms. Roper reported that C.I.P. has an obvious problem understanding and participating in class discussions; an obvious problem learning new material; a serious problem providing organized oral explanations and descriptions; a serious problem recalling and applying previously learned material; a very serious problem understanding school and content vocabulary; a very serious problem reading and comprehending written material; a very serious problem expressing ideas in written form; and a very serious problem applying problem-solving skills in class discussions. Ms. Roper stated, ". . . Even with one-on-one oral instruction, [C.I.P.] has a hard time taking a previously learned concept and using that knowledge with new material. . ."

Dr. Muhammad Khalid, M.D., concluded that C.I.P. had a less than marked limitation in the acquiring and using information domain. Dr. Khalid's estimation of C.I.P.'s abilities were the least dire of all the evaluators. Dr. Khalid's interaction with C.I.P. was limited to evaluating him for the purposes of this litigation on behalf of Defendant. Dr. Khalid did not have the benefit of interacting with C.I.P. on an ongoing basis. In fact, the ALJ even made an adverse credibility determination as to Dr. Khalid, stating that Dr. Khalid had underestimated C.I.P.'s limitations in the Attending and Completing Tasks domain. [6-2] at 25; PgID 51.

An applicant has "a 'marked' limitation in a domain when [his] impairment(s) interfere[] seriously with [his] ability to independently initiate, sustain, or complete

activities." 20 C.F.R. § 416.926a(e)(2)(i). According to a professional educator who worked with C.I.P. every day, Ms. Roper, C.I.P. is unable to acquire and use information, even after the specialized accommodation of individualized instructions. Additionally, according to a professional speech and language pathologist, Ms. Eurich, C.I.P. has a severe impairment in articulation and moderate impairment in receptive and expressive language. Both of those diagnoses seriously interfere with C.I.P.'s ability to independently acquire and use information. 20 C.F.R. § 416.926a(e)(2)(i). The overwhelming evidence of a marked limitation in Acquiring and Using Information, compels the conclusion that there was not adequate evidence in the record so that reasonable mind would accept the conclusion that C.I.P. had a less than marked limitation in this domain. *Rogers*, 486 F.3d at 241.

### C. Attending and Completing Tasks

Second, Plaintiff objects that the R&R's analysis of the Attending and Completing Tasks domain is too deferential to the ALJ's findings and conclusion in light of the ALJ's truncated analysis. Plaintiff argues that the ALJ did not consider all of the factors that he is legally required to consider when he decided that C.I.P. has a less than marked limitation Attending and Completing Tasks.

The Court need not consider the merits of Plaintiff's second objection because the analysis of Plaintiff's first objection is dispositive of the case. The ALJ concluded that C.I.P. had a marked limitation in Interacting and Relating with Others and the

Court concluded that the record compels the conclusion that C.I.P. also has a marked limitation in Acquiring and Using Information. Therefore, because C.I.P. has a marked limitation in two of the domains, he is legally disabled. 20 C.F.R. § 416.926a(d).

### IV. Conclusion

For the foregoing reasons, the Court hereby declines to adopt the Report and Recommendation [15]. Therefore,

**IT IS ORDERED** that Plaintiff's Objection [16] is **SUSTAINED** and Plaintiff's Motion for Summary Judgment [12] is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment [13] is **DENIED.**

**IT IS FURTHER ORDERED THAT** this case is remanded for an award of benefits in Plaintiff's favor.

**SO ORDERED.**

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: February 25, 2014